HALL, Judge
(concurring) :
I concur in the majority decision in this case. The preponderance of the evidence is that the detonation of dynamite by the defendant in its seismographic activities caused the damage for which plaintiffs have been compensated. I agree that negligence is not a requisite to liability in this case and that this principle is well-supported by the authorities cited in the majority opinion. See also Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So.2d 845 (1955) and Gullatt v. Ashland Oil & Refining Company, 243 So.2d 820 (La.App. 2d Cir. 1971).
As noted by Justice Barham in his majority opinion in Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971), the numerous cases dealing with damages resulting from dangerous and hazardous activities “have varied in determining the legal basis for allowing recovery.” As I appreciate the decision in Lan-glois, the Supreme Court has now clarified the legal basis for liability in these cases, holding that liability attaches under Civil Code Article 2315. One may cause injury to another by his “fault” as analogized from the standards of conduct required under Civil Code Article 667 and other codal, statutory and jurisprudential standards of conduct, without acting negligently.
In the instant case, having caused injury to the plaintiffs by its inherently dangerous dynamiting activities, defendant is responsible to the plaintiffs for such damage under Civil Code Article 2315.